## PEOPLE v. ROHRER.

INTOXICATING LIQUORS — KEEPING SALOON OPEN ON SUNDAY — PENALTIES.

> The fact that section 7 of the general liquor law (Act No. 313, Pub. Acts 1887) prescribes a penalty for the violation of any of the provisions of the act for which *no specific penalty* is provided does not preclude the infliction of the penalty so prescribed on one guilty of keeping a saloon open on Sunday in violation of section 17 of the act, after the penal clause of the last-mentioned section has been held unconstitutional and void, it being provided by section 18 that a person convicted of violating any of the provisions of the five preceding sections shall be punished as provided in section 7.

Error to St. Joseph; Yaple, J. Submitted November 17, 1896. Decided December 1, 1896.

George R. Rohrer was convicted of keeping his saloon open on Sunday. Affirmed.

*Newton H. Barnard,* for appellant.

*Fred A. Maynard,* Attorney General, and *Bishop E. Andrews,* Prosecuting Attorney, for the people.

GRANT, J. The respondent was convicted of keeping his saloon open upon Sunday, contrary to the provisions of section 17, Act No. 313, of the Public Acts of 1887 (3 How. Stat. § 2283e). The contention on behalf of the respondent is that section 17 is unconstitutional and void, and that no conviction can be sustained under it. This section, after providing that saloons and other places where intoxicating liquors are sold shall be closed upon Sunday and certain other days therein mentioned, provides that—

"Any person found in the act of violating any of the provisions of this section shall be deemed guilty of a breach of the peace, and punished accordingly, and the arrest therefor may be without process; and this punishment shall be taken to be in excess of all other manner of punishment in this act provided for a violation of the provisions of this section."

It further authorizes officers to make arrests as for a breach of the peace.

The other sections of the statute bearing upon the question are 7 and 18. Section 7 provides that—

"A person convicted of the violation of any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof, if there is no specific penalty provided therefor by this act, shall be punished by a fine of not more than $200," etc.

Section 18 provides that—

"Any person who shall violate any of the provisions of the five preceding sections shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished as provided in section 7 of this act."

In *Robison* v. *Miner*, 68 Mich. 549, the penal provisions of this act were under consideration, and certain provisions held void. After striking out these provisions, the court held the other provisions valid, giving its reasons therefor on page 564. The court held the penal clause of section 17 void for reasons stated on page 559. We must therefore construe the statute with this penal clause of section 17 eliminated, and look to other provisions for the penalty. Sections 7 and 18 clearly provide it.

The conviction is affirmed.

The other Justices concurred.